UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON


WHITTAKER, LLC,
a West Virginia
Limited Liability Corporation

        Plaintiff,

v.                                        Civil Action No. 2:07-963

NATIONWIDE MUTUAL INSURANCE COMPANY,
a West Virginia Corporation,
KERNAN INSURANCE AGENCY, INC.,
an Ohio Corporation,
KERNAN INSURANCE AND FINANCIAL SERVICES, INC.
an Ohio Corporation operating under trade name,
KERNAN INSURANCE GROUP, and
THE FIREMAN'S FUND INSURANCE COMPANY,
a California Corporation,

        Defendants.


MEMORANDUM OPINION AND ORDER


        Pending is the motion to dismiss of the defendant, The Fireman's Fund Insurance Company ("Fireman's Fund"), filed January 30, 2008.


I.


        According to the complaint, plaintiff is the owner of real property which flooded on February 6, 2007, due to a malfunctioning water valve in the sprinkler system.  (Compl. ¶

9).  Between January 2007 and March 2007, plaintiff alleges defendant Kernan Insurance Agency, Inc. ("Kernan Agency") communicated to it that the real property was covered under an insurance policy issued by defendant Nationwide Mutual Insurance Company ("Nationwide").  (Id. ¶ 8).  An investigation was conducted by Nationwide, which resulted in a denial of plaintiff's claim on May 9, 2007.  (Id. ¶ 21).  Nationwide found no policy in effect and further stated that it never received an official claim from the Kernan Agency.  (Id. ¶ 22).

The only factual reference in the complaint to "Kernan's professional liability carrier," Fireman's Fund, was its communication with the plaintiff on October 19, 2007, set forth in paragraphs 25 and 26.  (Id. ¶¶ 25-26).  The two allegations are as follows:

> 25) On October 19, 2007, Plaintiff was notified by Defendant, Kernan's Professional Liability carrier, Codefendant Fireman that they had set up this matter under the new claim number '005 07 412086'.
>
> 26) In this communication Codefendant Fireman stated their position was that Nationwide was not honoring the claim because they had not received payment for the policy and that they wanted to be notified of any claim against Kernan for their conduct relating to this claim.

(Id. ¶ 25-26).

2

The three-count complaint alleges breach of contract against Nationwide and Kernan Agency (Count I), breach of contract against Kernan Insurance and Financial Services, Inc., d/b/a Kernan Insurance Group (Count II), and "breach of contract indemnification" apparently against all defendants including the Fireman's Fund (Count III).  (Compl. ¶¶ 27-42).  So it is that the only count containing allegations against the Fireman's Fund is Count III.  The <u>ad</u> <u>damnum</u> clause requests relief generally for the bad faith denial of "this" insurance claim.  (<u>Id.</u> <u>Ad</u> <u>Damnum</u> Cl.).  No response has been filed to the motion to dismiss, and it is deemed unopposed.

## II.

Federal Rule of Civil Procedure 8(a)(2) requires that a pleader provide "a short and plain statement of the claim showing . . . entitle[ment] to relief."  Fed. R. Civ. P. 8(a)(2).  Rule 12(b)(6) correspondingly permits a defendant to challenge a complaint when it "fail[s] to state a claim upon which relief can be granted . . . ."  Fed. R. Civ. P. 12(b)(6).

The required "short and plain statement" must provide "'fair notice of what the . . . claim is and the grounds upon

3

which it rests.'"  <u>Bell Atlantic Corp. v. Twombly</u>, 127 S. Ct.
1955, 1964 (2007) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47
(1957), <u>overruled on other grounds</u>, <u>Twombly</u>, 127 S. Ct. at
1969)); <u>see also</u> <u>Anderson v. Sara Lee Corp.</u>, 508 F.3d 181, 188
(4th Cir. 2007).  Additionally, the showing of an "entitlement to
relief" amounts to "more than labels and conclusions . . . ."
<u>Twombly</u>, 127 S. Ct. at 1965.  It is now settled that "a formulaic
recitation of the elements of a cause of action will not do." <u>Id.</u>

        The complaint need not, however, "make a case" against
a defendant or even "forecast evidence sufficient to prove an
element" of the claim.  <u>Chao v. Rivendell Woods, Inc.</u>, 415 F.3d
342, 349 (4th Cir. 2005) (quoting <u>Iodice v. United States</u>, 289
F.3d 270, 281 (4th Cir. 2002)).  Instead, the opening pleading
need only contain "[f]actual allegations . . . [sufficient] to
raise a right to relief above the speculative level."  <u>Twombly</u>,
127 S. Ct. at 1965.  Stated another way, the complaint must
allege "enough facts to state a claim to relief that is plausible
on its face."  <u>Id.</u> at 1974.

        Application of the Rule 12(b)(6) standard also requires
that the court "'accept as true all of the factual allegations
contained in the complaint . . . .'"  <u>Erickson v. Pardus</u>, 127 S.
Ct. 2197, 2200 (2007) (quoting <u>Twombly</u>, 127 S. Ct. at 1965); <u>see</u>

4

also <u>South Carolina Dept. Of Health And Environmental Control v.
Commerce and Industry Ins. Co.</u>, 372 F.3d 245, 255 (4th Cir. 2004)
(quoting <u>Franks v. Ross</u>, 313 F.3d 184, 192 (4th Cir. 2002)).  The
court is additionally required to "draw[] all reasonable . . .
inferences from those facts in the plaintiff's favor . . . ."
<u>Edwards v. City of Goldsboro</u>, 178 F.3d 231, 244 (4th Cir. 1999).


                                III.


          "As a general rule, in the absence of policy or
statutory provisions to the contrary, one who suffers injury
which comes within the provisions of a liability insurance policy
is not in privity of contract with the insurance company, and
cannot reach the proceeds of the policy for the payment of his
claim by an action directly against the insurance company."
<u>Robinson v. Cabell Huntington Hosp., Inc.</u>, 201 W. Va. 455,
459-460, 498 S.E.2d 27, 31-32 (1997) (quoting 46A C.J.S.
Insurance § 1407 (1993)).  There are, however, three exceptions
to this general rule.  <u>Id.</u> 201 W. Va. at 460, 498 S.E.2d at 32.
First, "[i]f an insured with coverage under a liability insurance
policy does not pay the underlying judgment entered in a personal
injury action, the injured plaintiff may institute a direct

                                 5

action against the insurance company to recover the amount of the judgment up to the limits of the policy." Id. (quoting syl. pt. 1, Broy v. Inland Mut. Ins. Co., 160 W. Va. 138, 233 S.E.2d 131 (1977)). Second, "[a]n injured plaintiff may bring a declaratory judgment action against the defendant's insurance carrier to determine if there is policy coverage before obtaining a judgment against the defendant in the personal injury action where the defendant's insurer has denied coverage." Id. (quoting syl. pt. 3, Christian v. Sizemore, 181 W. Va. 628, 383 S.E.2d 810 (1989)). Third, previously the Supreme Court of Appeals of West Virginia "held that an action against an insurer for bad faith and unfair settlement practices can be joined in the same complaint as the underlying personal injury suit against the insured." Id. (quoting State ex rel. State Farm Fire v. Madden, 192 W. Va. 155, 451 S.E.2d 721 (1994)).

With respect to the third exception, however, the legislature in 2005 enacted W. Va. Code § 33-11-4a, which provides that "[a] third-party claimant may not bring a private cause of action or any other action against any person for an unfair claims settlement practice." Section 33-11-4a states that "[a] third-party claimant's sole remedy against a person for an unfair claims settlement practice or the bad faith settlement of

a claim is the filing of an administrative complaint with the [insurance] Commissioner in accordance with subsection (b) of this section."  W. Va. Code § 33-11-4a(a).

Defendant Fireman's Fund argues W. Va. Code § 33-11-4a bars Count III from being alleged against it.  Count III, entitled "breach of contract indemnification," alleges, in part, "[a]s insurer of Defendant Kernan, Defendant Fireman's Fund Insurance Company has agreed to indemnify Plaintiff for the breach of the professional standard of care for which Defendant Kernan was responsible."  (Compl. ¶ 40) (emphasis added).  When coupled with the ad damnum clause requesting damages for bad faith, the underlined introductory clause in paragraph 40 appears to demonstrate that Count III is an attempt to assert a third-party cause of action against the Fireman's Fund for bad faith or an unfair claims settlement practice.  The remaining portion of Count III asserts "all defendants including Fireman have failed to satisfy or otherwise honor their responsibilities under the relationship," which has caused harm and damages to the plaintiff.  (Id. ¶¶ 41-42).

Inasmuch as the event giving rise to the filing of the plaintiff's insurance claim, the malfunctioning of the sprinkler system, occurred on February 6, 2007, which is unquestionably

7

after W. Va. Code § 33-11-4a became effective in 2005, it is plain that the third exception to the general rule is inapplicable in this instance.  As a consequence, the bad faith portion of Count III, to the extent it was alluded to in the <u>ad damnum</u> clause or otherwise with respect to Fireman's Fund, is prohibited.

IV.

Accordingly, it is ORDERED that the motion to dismiss of The Fireman's Fund Insurance Company be, and it hereby is, granted with prejudice as to the bad faith claim and without prejudice as to any other claim or claims, if any, against it. It is further ORDERED that The Fireman's Fund Insurance Company be, and it hereby is, dismissed as a defendant in this action.

The Clerk is directed to forward copies of this memorandum opinion and order to all counsel of record.

DATED: May 13, 2008

John T. Copenhaver, Jr.
United States District Judge

8